

Eastern District of Kentucky
**TENDERED**
Date. 8-13-07
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON**

Eastern District of Kentucky
**FILED**
NOV 2 0 2007
AT LONDON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**CRIMINAL ACTION NO. 06-82-SSSS-DCR**

**UNITED STATES OF AMERICA**          **PLAINTIFF**

V.         **PLEA AGREEMENT**

**DAUGH K. WHITE**          **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 1962(d) (Conspiracy to Violate the Racketeer Influenced and Corrupt Organization Act). The Defendant will also enter a guilty plea to Count 12, charging criminal forfeiture pursuant to 18 U.S.C. § 1963. Pursuant to 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2, 3, 5, 6, 7, 8, 9, 10, and 13.

2. The essential elements of Count 1 are:

    (a) That the Defendant knowingly agreed to conduct or participate, directly or indirectly, in the conduct of the affairs of the charged enterprise through a pattern of racketeering activity;

    (b) That an enterprise would be established as alleged in the Indictment;

    (c) That the enterprise would be engaged in, or its activities would affect, interstate or foreign commerce; and

    (d) That the Defendant would be employed by, or associated with, the enterprise.

324

3. As to Counts 1 and 12, the United States could prove the following facts, among others, to establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) The City of Manchester, Kentucky is a legal entity enterprise as defined in 18 U.S.C. § 1961(4). The Defendant was employed by the City of Manchester in the capacity of Mayor. The Defendant knowingly and willfully joined a conspiracy with those named in the Indictment to accomplish an unlawful plan, namely, he agreed to conduct or participate, directly or indirectly, in the conduct of the affairs of the City of Manchester, an enterprise which was engaged in, and the activities of which affected interstate commerce, through a "pattern of racketeering activity" as set forth below.

(b) **Racketeering Act Four in violation of 18 U.S.C. § 1951, conspiracy to extort kickbacks**: In 2004, the Defendant created a new position in the City of Manchester, entitled City Manager, for his son, Kennon D. White, at a salary of approximately $49,000 per year plus benefits. The Defendant, Mayor of the City of Manchester, conspired with others to extort kickbacks from B and B Excavating, Inc., a company doing business with the City of Manchester. Beginning in May 2004 and continuing through October 2006, B and B Excavating, Inc. was awarded approximately eight contracts by the Defendant on behalf of the City. The Defendant often avoided bid requirements and procurement policies in many instances by making unjustified change orders for contracts, by declaring unjustified emergencies, and using other inducements to ensure that B and B Excavating, Inc. obtained these contracts for water and sewer projects which were funded in part by federal funds. As part of the conspiracy, it was understood that the contract would not be awarded to the contractor unless cash payments were made by the contractor to the son, Kennon D. White. Prior to the Defendant's awarding of contracts to the contractor, Kennon D. White would negotiate the amount of kickback necessary for the contractor to obtain the job. During the course of the conspiracy, the Defendant and Kennon D. White obtained approximately $67,000 from B and B Excavating, Inc.

(c) **Racketeering Acts Five through Nine in violation of 18 U.S.C. § 1341 and 1346, aiding and abetting honest services mail fraud:** During the Fall of 2005, the Defendant and Darnell Hipsher, a City Councilman, in anticipation of the upcoming election contest, made efforts to gain favor with potential voters by

paving private driveways with asphalt paid for by public funds and designated for use on the public streets in the City of Manchester. The Defendant and Darnell Hipsher, the head of the blacktopping committee, directed Elmo Greer and Sons, Inc., a contractor hired by the City to pave City streets, to pave a total of 32 private driveways and to patch 4 driveways with City resources. In April 2006, the State Auditor's Office audited the City and discovered that the City had paved private driveways without billing for the services. The Defendant was confronted with the issue by the auditors. Within days, the Defendant and Darnell Hipsher schemed to disguise the free paving services with bogus invoices to 11 persons. The invoices were created with the intent to defraud the State Auditor's Office, the City of Manchester, and its citizens of their right to be informed of all relevant facts and circumstances concerning receipts and expenditures for private driveways. On April 25, 2006, the Defendant directed a city clerical worker to prepare the 11 invoices based upon estimates. Upon review, Darnell Hipsher objected to the amounts and requested that they be lowered. Subsequently, Darnell Hipsher, with the approval of the Defendant, directed the clerical worker to substantially lower the amounts on the invoices. On this same date, the Defendant directed that invoices be mailed to a few of the recipients including Lonnie Napier, Bea Burchell, Virginia McCarty, Shane Lewis, and Terry Spurlock. Darnell Hipsher took the remaining six invoices to deliver by hand. Based upon the records of Elmo Greer and Sons, approximately $30,000 in pavement was used on private driveways.

4. The maximum statutory punishment for Count 1 is imprisonment for not more than 20 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. Count 12 requires forfeiture of all assets. A mandatory special assessment of $100 applies to Count 1, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K (notwithstanding the Defendant reserves the right to raise age and/or health as a possible issue).

8. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, and conviction, including any order of restitution.

9. The Defendant will cooperate fully with the United States in the investigation and prosecution of the matters in the Indictment and all related matters, including testifying in all proceedings. All statements and testimony that the Defendant provides must be truthful, and this Agreement does not preclude the prosecution of the Defendant for perjury or making false statements. If requested by the United States, the Defendant will submit to a polygraph examination by an examiner selected by the United States. If the Defendant provides substantial assistance in the investigation or prosecution of other persons who have committed an offense, the United States will file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1. The determination as to whether the

Defendant provided substantial assistance is solely within the discretion of the United States.

10. The Defendant will forfeit to the United States all interest to the property listed in Count 12 and will execute any documents necessary for this forfeiture.

11. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs.

12. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that his attorney has fully explained this Agreement to him, and that his entry into this Agreement is voluntary.

AMUL R. THAPAR
UNITED STATES ATTORNEY

8/13/07

By: /s/ Stephen C. Smith
Stephen C. Smith
Assistant United States Attorney

Date: 13 Aug, 07

/s/ Daugh K. White
Daugh K. White
Defendant

Date: 13 Aug, 07

/s/ Burl McCoy
Burl McCoy
Attorney for Defendant

Date:

w/absence of Counsel
Joe White
Attorney for Defendant

**APPROVED**, this 20th day of November, 2007.

DANNY C. REEVES
UNITED STATES DISTRICT JUDGE